# HILLSBOROUGH,

## JULY TERM, A. D. 1850.

---

### FARLEY, Adm'r, *v.* MONROE.

A sheriff who sells the property of a debtor upon an execution, and takes a promissory note in payment therefor, on which he receives interest, is accountable to the debtor for the proceeds of the sale, including the interest upon the note, after deducting the amount due upon the execution in his hands, which may be recovered of him in an action of assumpsit for money had and received.

ASSUMPSIT. On the 17th day of June, 1846, the defendant was sheriff of this county, and Mark Gillis was one of his deputies; and on the same day, Gillis, in his capacity as deputy sheriff, sold at auction the equity of redemption of certain real estate, belonging to James Woods, since deceased, for the sum of $3,900, upon an execution in favor of one Wheeler, against Woods. The terms of the sale were cash; and the sum of $2,500 was paid at the time of the sale, and the purchaser gave his note for $1,400 the rest of the purchase-money. The sum of $2,460.52 was applied upon Wheeler's execution, and the sum of $32.88 was applied to satisfy another execution, in the hands of Gillis, in favor of one Ames, against Woods. On the 11th day of January, 1847, the sum due on the note for $1400 with the interest thereon, was paid to Gillis; and on the same day the sum of $1,154.21 was appropriated to satisfy an execution in favor of Sally Carey, against Woods, recovered at the October term of the Court of Common Pleas for this county. The plaintiff is the administrator of the estate of Woods.

It was agreed that judgment should be rendered for the plaintiff, for such sum as he was legally entitled to recover.

Farley *v.* Monroe.

*C. G. Atherton,* for the defendant.

*B. F. Emerson,* for the plaintiff. A sheriff is trustee of money in his hands, and is liable to account to the party ultimately entitled to it, in the same manner as other trustees. Administrators and other trustees are liable for interest if they use the money, or if they have been negligent in not lending it. 4 Dane, Abr. 263, § 16 ; 1 Johns. Ch. 104. If a trustee makes interest, he is chargeable with it, although he may not be empowered to put the money at interest. 4 Dane's Abr. 270. Executors are not liable for interest if they have made none, and have not used the funds, but otherwise they are liable for it. *Boynton* v. *Dyer,* 18 Pick. 1 ; *Wyman* v. *Hubbard,* 13 Mass. 232 ; *Stearns* v. *Brown,* 1 Pick. 530 ; *Griswold* v. *Chandler,* 5 N. H. Rep. 497.

When money is in the hands of a trustee during a controversy as to the ownership of it, he must account for interest if he makes it. An administrator is liable for interest, pending an appeal if he uses the money or makes a profit of it during the time. *Stearns* v. *Brown, supra.* A sheriff who deposits money by agreement of parties until their claims are settled, is chargeable with interest from the time of the deposit, if he claims the money before the settlement. *Commonwealth* v. *Crane,* 3 Binn. 121. A sheriff is liable for interest of money levied by the sale of land, from the time it was payable. 1 U. S. Digest, Supplement, 207. A sheriff who takes a bond for land sold on execution, of a judgment creditor to whom the money was assigned by the court, cannot collect interest of the obligee. 1 U. S. Digest, Supplement, 211. He is bailee of goods attached by him. *Cilley* v. *Jenness,* 2 N. H. Rep. 89. A pledgee is liable to account for the rents and profits of the pledge, if there are any. 2 U. S. Digest, Supplement, 262. A pledgee is a trustee, 2 Kent, Com. 583. The true rule is, that in all cases where an administrator, without any just reason or excuse, retains the money in his own hands unemployed, when he ought to have paid it over, in all cases where he receives interest for money which belongs to the estate, and in all cases where he applies

<hr>

Farley *v.* Monroe.

<hr>

money belonging to the estate to his own use, he ought to be charged interest. *Griswold* v. *Chandler*, 5 N. H. Rep. 497.

GILCHRIST, C. J. The sheriff received, as the proceeds of the sale of the equity of redemption, the sum of $2,500, and the note for the sum of $1,400. After he had paid the several sums mentioned in the case, the residue of the sum of $3,900 belonged to the debtor. It is unnecessary to decide that it was the duty of the officer to lend the money he had received, so that interest might accrue on it. The officer certainly should not make any hazardous investment of it. But the note for $1,400 was received in part payment of the purchase-money of the equity of redemption, and the equity was the property of Woods. Its amount, then, should be disposed of in some way for the benefit of the owner, and as interest has been received upon it, to whom does the interest belong but to the owner of the principal? The officer has no right to it. He held the proceeds of the sale, after satisfying the claims, in the capacity of a trustee. It was not his money, but the debtor's; and the interest is equally the property of the debtor. We see no mode in which the officer has acquired any right to it, and he should account for it, as well as for the principal. But as no demand was made upon him before the commencement of the suit, he should account for the interest only from that time.

The account therefore will stand thus —

The officer has received:

    Cash     $2,500.00
    Note     1,400.00
    Interest     47.61
    $3,947.61.

    He has paid, on Wheeler's Execution $2,460.52
              Ames's   do.       32.88
              Carey's   do.    1,154.21
                          $3,647.61

Leaving a balance of $300, for which there should be
                                 *Judgment for the plaintiff.*